# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON, MIKEAL STINE, JEREMY BROWN,<br><br>          Plaintiffs,<br><br>     v.<br><br>Federal Bureau of Prisons,<br><br>          Defendant. | Case No.  1:13-cv-01821-MJS<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK TO OPEN NEW CASES FOR PLAINTIFFS STINE AND BROWN<br><br>(ECF No. 1) |

Plaintiffs Jeremy Pinson, Mikeal Stine, and Jeremy Brown ("Plaintiffs") are federal prisoners proceeding pro se in a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).

After reviewing the Complaint, the Court has determined that each plaintiff should proceed separately on his own claims.  Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately."  Courts have broad discretion regarding severance.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, plaintiffs' claims shall be severed, Plaintiff Pinson shall proceed as the sole plaintiff in this action, and new actions shall be opened for Plaintiffs Stine and Brown. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

The Clerk of the Court will be directed to assign the new actions to the same magistrate judge assigned to the instant action. The Clerk of the Court shall make an appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of Plaintiffs Stine and Brown will be severed, each shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the Court with this order.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Pinson shall proceed as the sole plaintiff in case number 1:13-cv-1821-MJS (PC);

2. The claims of Plaintiffs Stine and Brown are severed from the claims of Plaintiff Pinson;

3. The Clerk of the Court is directed to:

    a. Open two separate civil actions for Plaintiffs Stine and Brown;

    b. Assign the new actions to the magistrate judge to whom the instant

case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

  c. File and docket a copy of this order in the new actions opened for Plaintiffs Stine and Brown;

  d. Place a copy of the Complaint filed on November 12, 2013 in the instant action in the new actions opened for Plaintiffs Stine and Brown;

  e. Send Plaintiffs Stine and Brown each an endorsed copy of the Complaint, filed November 12, 2013, bearing the case number assigned to his own individual action;

  f. Send Plaintiffs Stine and Brown each a civil rights complaint form; and

  g. Send Plaintiffs Stine and Brown each an application to proceed in forma pauperis by a prisoner;

4. Within thirty (30) days from the date of service of this order, Plaintiffs Stine and Brown shall each file an amended complaint bearing his new case number and either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number; and

5. The failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated: November 20, 2013  /s/ *Michael J. Seng*
             UNITED STATES MAGISTRATE JUDGE