UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | Case No. 1:13-cv-1821-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(ECF No. 46)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this Privacy Act and civil rights action. (ECF Nos. 8 & 13.) The action proceeds on Plaintiff's Privacy Act claim against the Federal Bureau of Prisons, and his First and Eighth Amendment claims against Defendant Valero. (ECF Nos. 15 & 40.)

Before the Court is Plaintiff's February 10, 2015 motion for declaratory and injunctive relief. (ECF No. 46.) Defendants filed an opposition (ECF No. 47), and Plaintiff filed a reply (ECF No. 49). The matter is deemed submitted. Local Rule 230(*l*).

## II. ARGUMENTS

Plaintiff contends that prison officials are opening his mail and holding it for inspection in violation of his First Amendment Free Speech and Fourth Amendment privacy rights. He contends that his court mail cannot be opened absent a search

warrant. He seeks a declaration that his court mail is protected under the First and Fourth Amendments and can only be opened in his presence, absent a search warrant or probable cause. He additionally seeks a declaration that 28 C.F.R. 540.19, as applied, violates his First and Fourth Amendment rights. He also seeks to enjoin the Bureau of Prisons from opening his court mail.

Defendants argue that Plaintiff's motion seeks an improper advisory opinion because his motion is not supported by any specific facts regarding legal mail that allegedly was interfered with or who opened the alleged legal mail.

Plaintiff replies with a declaration stating that, with the exception of one item, all of the mail Plaintiff has received from the Court and the Assistant United States Attorney in relation to this action has been opened by prison staff. He states that delivery of such mail has been delayed by seven to twenty one days.

**III.   ANALYSIS**

In the instant action, Plaintiff claims that Defendant Valero revealed sensitive information from Plaintiff's inmate file to another inmate, and informed that inmate that Plaintiff was a snitch. As a result, Plaintiff alleges he has been assaulted by prison gang members who have vowed to kill him. Plaintiff's complaint does not involve any allegations of interference with his mail; nor are any officials at Plaintiff's current institution named as Defendants in this action.

Plaintiff's request for declaratory relief is essentially a request to add new, unrelated claims to this action. The Court finds no authority that would permit it to grant such relief, absent such a claim being brought in the complaint. See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (no error in failing to consider claim that never was pleaded); Ins. Co. of N. Am. v. Moore, 783 F.2d 1326, 1328 (9th Cir. 1986) (no error in denying relief for cause of action that was not pleaded). Accordingly, if Plaintiff wishes to pursue such relief, he must do so in a separate action.

Plaintiff's request for injunctive relief is similarly misplaced. Generally, a plaintiff

must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)); Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010); World Wide Rush, LLC v. Los Angeles, 563 F.Supp.2d 1132, 1148 (C.D. Cal. 2008). The relief that a preliminary injunction grants must be "of the same character as that which may be granted finally" and may not deal "with a matter lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945); cf. Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009) (concluding that preliminary injunction at issue did not deal with a wholly unrelated matter). Thus, "new assertions of mistreatment, entirely different from the mistreatment alleged in the instant action, and occur[ing] in a different prison and by different prison employees," do not warrant granting a preliminary injunction. Mitchell v. Haviland, No. 2:09-cv-3012, 2014 WL 458218, at *2 (E.D. Cal. Feb. 14, 2014).

Further, although Plaintiff seeks injunctive relief against the Bureau of Prisons, his claims for injunctive relief would lie, if at all, against individual prison officials. However, Plaintiff currently is incarcerated at the United States Penitentiary in Florence, Colorado. The Court does not have jurisdiction over any officials at that institution because they are not parties to this action. In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir.1996). Additionally, this Court most likely does not have personal jurisdiction over such officials because they are not within this jurisdictional district and there is no indication that they have the requisite contacts with this forum. See Calder v. Jones, 465 U.S. 783, 788 (1984) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . In judging minimum contacts, a court properly focuses on the

relationship among the defendant, the forum, and the litigation.").

Finally, the Court notes that, under federal law, mail from the courts is a matter of public record and is not considered legal mail. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996). Thus, the opening of Plaintiff's mail from this Court does not constitute a constitutional violation.

## IV. CONCLUSION AND RECOMMENDATION

Plaintiff's motion does not provide a sufficient basis for either declaratory or injunctive relief. Accordingly, it is HEREBY RECOMMENDED that his motion (ECF No. 46) be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 15, 2015              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4