UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS;<br>JESUS VALERO,<br><br>　　　　Defendants. | Case No.  1:13-cv-01821-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING WITNESSES (ECF NO. 71)**<br>**AND**<br>**CONTINUING EVIDENTIARY HEARING**<br><br>　**9:00 AM**<br>　**NOVEMBER 19, 2015**<br>　**COURTROOM 6**<br>　**FRESNO** |

**I.      Introduction**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Privacy Act of 1974, 5 U.S.C. § 552a. The matter proceeds on Plaintiff's First Amended Complaint against Defendant Jesus Valero for violations of the First and Eighth Amendments and against Defendant Federal Bureau of Prisons ("BOP") for violation of the Privacy Act.

On August 18, 2015, the Court set an evidentiary hearing for October 15, 2015, at 9 a.m. to determine the authenticity of the declaration of Matthew Eyre filed by Plaintiff in opposition to Defendant's motion for summary judgment. Due to a conflict in the Court's calendar, this matter will be continued to Thursday, November 19, 2015, at 9:00 a.m. in Courtroom # 6.

Additionally, before the Court is Plaintiff's motion for order compelling witnesses at the evidentiary hearing (a Petition for Writ of Habeas ad Testificandum). (ECF No. 71.) Plaintiff seeks to have inmates Mikeal Stine, Leroy Buhl and Bob Custard present at the evidentiary hearing. He also seeks the presence of Bureau of Prisons employees Patricia Rangel, Chris Synsvoll, Shon Kuta, and David Berkebile, "who imposed mail restrictions in consultation with Richard Schott (also to be called) for Plaintiff's correspondence with, inter alia, Mr. Eyre." Plaintiff claims that each of these witnesses "are relevant and critical to Plaintiff's case."

The Court will deny Plaintiff's motion as to the incarcerated witnesses. 28 U.S.C. 2241(c)(5) provides that writs of habeas corpus "shall not extend to a prisoner unless [i]t is necessary to bring him into court to testify or for trial." In ruling on a Motion for Writ of Habeas Corpus Ad Testificandum, the Court must balance the relevance and necessity of the testimony against the security risks involved in having the witnesses transported to the Court to testify. See Greene v. K .W. Prunty, 938 F. Supp. 637, 639 (S.D. Cal. 1996) (holding "[i]n order to grant the writ of habeas corpus ad testificandum the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility."). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United

2

States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Here, Plaintiff seeks the presence of the inmate-witnesses because "they were eyewitnesses to Plaintiff receiving and sending mail to Eyre and each personally read the Eyre correspondence upon arrival." But whether these inmates saw Plaintiff prepare a mailing to Eyre or purportedly read a correspondence sent from Eyre to Plaintiff does not help establish one way or another whether the declaration at issue here is authentic. Since Plaintiff has not established relevance or necessity, his request will be denied as to the incarcerated witnesses.

As to the unincarcerated witnesses who refuse to testify voluntarily, the witnesses must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. An unincarcerated witness must be given the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821. Plaintiff has stated no willingness or ability to pay witness fees. The fact that Plaintiff is proceeding in pro per and in forma pauperis pursuant to 28 U.S.C. § 1915 neither excuses Plaintiff's requirement to pay the witness fees nor provides funds for the court to pay the witness fees. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). While the Court will order service of subpoenas on Plaintiff's witnesses by the United States Marshals, the Court cannot waive payment of the fees or expenses for those witnesses. Hadsell v. C.I.R., 107 F.3d 750, 752 (9th Cir. 1997).

Accordingly, IT IS HEREBY ORDERED that:

1. The October 15, 2015 evidentiary hearing is continued to Thursday, November 19, 2015, at 9:00 a.m. in Courtroom 6, Fresno, before the undersigned;

2. The Clerk's Office shall fax a copy of this Order to the Litigation Coordinator at Florence High United States Penitentiary in Florence, Colorado, where Plaintiff is presently housed;

3. The parties may submit briefs on the issues presented provided they are

received by the Court at least ten days before the date of the hearing; and

   4. Plaintiff's August 31, 2015 motion for order compelling witnesses (ECF No. 71) is DENIED.

IT IS SO ORDERED.

Dated: September 14, 2015   /s/ *Michael J. Seng*
                 UNITED STATES MAGISTRATE JUDGE

4