1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                        EASTERN DISTRICT OF CALIFORNIA

11

12   JEREMY PINSON,                          Case No.  1:13-cv-01821-AWI-MJS (PC)

                    Plaintiff,               **ORDER GRANTING IN PART**
13                                           **PLAINTIFF'S MOTION FOR SUBPOENA**
          v.                                 **ISSUANCE AND SERVICE**
14
     FEDERAL BUREAU OF PRISONS;              **(ECF No. 73)**
15   JESUS VALERO,

16                  Defendants.

17

18        Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil

19   rights action brought pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau</u>

20   <u>of Narcotic</u>s, 403 U.S. 388 (1971), and the Privacy Act of 1974, 5 U.S.C. § 552a. The

21   matter proceeds on Plaintiff's First Amended Complaint against Defendant Jesus Valero

22   for violations of the First and Eighth Amendments and against Defendant Federal

23   Bureau of Prisons ("BOP") for violation of the Privacy Act. This matter is set for an

24   evidentiary hearing on November 19, 2015, to determine the authenticity of Plaintiff's

25   principal witness Matthew Eyre's declaration. Presently pending before the undersigned

26   is Plaintiff's "Motion for Subpoena Issuance and Service." (ECF No. 73.)

27        Plaintiff moves the Court to issue a subpoena pursuant to Federal Rule of Civil

28

Procedure 45 to compel the testimony of Kindra Vargas, ADX SIS Technician, to testify about restrictions imposed on Plaintiff for using the special mail system to contact BOP inmates, including Matthew Eyre. This witness is unincarcerated and apparently not willing to testify voluntarily. Plaintiff asserts he is able to tender the $40 witness fee pursuant to 28 U.S.C. § 1821, but argues that travel fees should be waived since he is asking that the witness appear via video conference from her place of work (where Plaintiff is presently incarcerated and from where Plaintiff will appear by video at the evidentiary hearing).

Because Plaintiff recognizes his obligation to tender the $40 witness fee and because it appears the witness should incur no travel fees under the circumstances presented, the Court will grant Plaintiff's request subject to the following requirements: By **November 5, 2015**, Plaintiff must submit to the Court a money order in the amount of $40.00 made payable to Kindra Vargas and the completed subpoena form and USM-285 form (as described below). If Plaintiff fails to comply with these requirements, the witness will not be subpoenaed to testify. If he does comply, the Court will forthwith forward the completed forms and the money order to the U.S. Marshal for service.

Plaintiff also asserts that he is in "an impossible situation due to Eyre's recantation and allegations." He claims that attacking Eyre's credibility at the evidentiary hearing will ultimately prejudice Plaintiff because it will undermine the weight of Eyre's "original" declaration (that is, the declaration whose authenticity is at issue). Plaintiff thus seeks leave pursuant to Federal Rule of Civil Procedure 56 to collect declarations from 21 current or former USP Atwater inmates who may be able to corroborate the contents of the "original" Eyre declaration. If Plaintiff is able to collect these declarations, he intends to strike Eyre's "original" declaration.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

2

appropriate order."

Plaintiff's request for such relief will be denied on several grounds. First, Plaintiff has not complied with Rule 56(d)'s requirements that he submit an affidavit or declaration in support of his request. Second, his request is premature. The Court has not yet ruled on the authenticity of the declaration. Unless and until it finds the declaration inauthentic, additional declarations are not necessary. Finally, even if the Court finds that an Eyre statement is inauthentic, it is not clear that Plaintiff will necessarily be placed in an "impossible situation."

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for subpoena issuance and service (ECF No. 73) is GRANTED IN PART;

2.  The Clerk of Court shall forward the following documents to Plaintiff:
    a.  One (1) subpoena;
    b.  One (1) USM-285 form; and
    c.  Two (2) copies of this order, one to accompany the subpoena, and one for the United States Marshal's Service;

3.  On or before **November 5, 2015**, Plaintiff shall complete and send to the Court the completed subpoena form, the USM-285 form, and two copies of this order, as well as a money order in the amount of $40 made payable to Kindra Vargas; and

4.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Kindra Vargas.

IT IS SO ORDERED.

Dated:   October 23, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28