1
2
3
4
5

### UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7

8 | JEREMY PINSON,

9 |         **Plaintiff**

10 |     **v.**

11 | FEDERAL BUREAU OF PRISONS, et al.,

12 |        **Defendants**

**CASE NO. 1:13-CV-1821 AWI MJS (PC)**

**ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED**

13

14     <u>*Background*</u>

15        On November 12, 2013, Plaintiff Jeremy Pinson ("Pinson"), along with co-Plaintiffs

16 Mikeal Stine and Jeremy Brown, filed this *Bivens* action against the Federal Bureau of Prisons and

17 Doe defendants.  <u>See</u> Doc. No. 1.   At the time of filing this lawsuit, all plaintiffs were housed at

18 the federal penitentiary in Florence, Colorado.  <u>See</u> <u>id.</u>  On November 21, 2013, the Magistrate

19 Judge severed the plaintiffs, and permitted Jeremy Brown and Mikeal Stine to refile separate

20 lawsuits.  <u>See</u> Doc. No. 3.

21        On March 10, 2014, Pinson was granted *in forma pauperis* ("IFP") status.  <u>See</u> Doc. No.

22 13.

23        Stine refiled his claims, and on September 9, 2015, this Court revoked Stine's IFP status,

24 and later dismissed his case for failure to pay the filing fee.  <u>See</u> Doc. Nos. 22 and 23 in Case No.

25 1:13-CV-1883 AWI MJS; <u>see also</u> <u>Stine v. Federal Bureau of Prisons</u>, 2015 U.S. Dist. LEXIS

26 120153 (E.D. Cal. Sept. 9, 2015).  This Court adopted the analysis of *Pettus v. Morgenthau*, 554

27 F.3d 293 (2d Cir. 2009), which imposed a "nexus" requirement to the imminent danger exception

28 of 28 U.S.C. § 1915(g).  <u>See</u> <u>Stine</u>, 2015 U.S. Dist. LEXIS 120153 at *12.  In revoking Stine's IFP

1    status, this Court examined Stine's allegations and found them to be wanting for several reasons.

2    First, the number of times that Stine had alleged being in imminent danger due to various prison

3    guards labeling him a snitch, combined with being housed in one of the most secure federal

4    prisons in the country (Florence, Colorado), made Stine's allegations fanciful.[1]  See id. at *17.

5    Second, Stine failed to allege a nexus.  Stine alleged that other guards in other prisons had labeled

6    him a snitch, so any imminent danger was not traceable to unknown guards at Atwater.  See id. at

7    *18.  Also, the imminent danger would be present at the facility in Florence, Colorado, and this

8    Court has no jurisdiction in Colorado.  See id.  Thus, the Court could not have issued an order that

9    redressed Stine's alleged injury.  See id.

10        *28 U.S.C. § 1915(g)*

11        The "three strikes rule" of 28 U.S.C. § 1915(g)[2] was part of "a variety of reforms designed

12    to filter out the bad claims filed by prisoners and facilitate consideration of the good."  Coleman v.

13    Tollefson, 135 S.Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a

14    prisoner has three strikes" under § 1915(g), the prisoner will be barred from proceeding IFP unless

15    he meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes,

16    493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-

17    strikes prisoner" must plausibly allege that the prisoner was faced with imminent danger of serious

18    physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189

19    (9th Cir. 2014); Andrews, 493 F.3d at 1055.  Further, a three strikes plaintiff must demonstrate a

20    nexus between the alleged imminent danger and a claim asserted in his complaint.  Pettus¸554

21    F.3d 293, 298-99 (2d Cir. 2009); Stine, 2015 U.S. Dist. LEXIS 120153 at *8.  In determining

22    whether a three strikes plaintiff has alleged a sufficient nexus, courts are to consider:  (1) whether

23    the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct

---

[1] Overly speculative or fanciful allegations do not plausibly show imminent danger.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).

[2] 28 U.S.C. § 1915(g) reads:  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1   asserted in the complaint; and (2) whether a favorable judicial outcome would redress that injury.

2   Pettus, 554 F.3d at 298-99; Stine, 2015 U.S. Dist. LEXIS 120153 at *8.

3       *Discussion*

4       In this case, Pinson alleges that:  (1) he and Stine are former members of notorious prison

5   gangs; (2) he, Stine, and Matthew Eyre filed a lawsuit in the D.C. Circuit in 2010; (3) personnel at

6   Atwater labeled Stine and Pinson "snitches" in front Eyre; (4) he and Stine have been assaulted by

7   prisoners associated with notorious prison gangs; (5) members of the notorious prison gangs have

8   vowed to kill him and Stine; and (6) the Bureau of Prison refuses to take steps to protect him.  See

9   Doc. Nos. 1, 8.  These allegations are materially the same as the allegations in *Stine*.  Cf. Doc.

10  Nos. 1, 8 with Stine, 2015 U.S. Dist. LEXIS 120153 at *3-*4.  Further, Pinson is subject to the

11  "three strikes" rule of 28 U.S.C. § 1915(g).  See Pinson v. Samuels, 761 F.3d 1, 2-3 (D.C. Cir.

12  2014); Pinson v. Casden, 2013 U.S. Dist. LEXIS 89132 (D. Col. June 25, 2013).

13      Given the materially similar allegations in *Stine* and Pinson's complaint, and Pinson being

14  subject to the § 1915(g)'s three strikes rule, it appears to the Court that Pinson's IFP status should

15  be revoked.[3]  First, like *Stine*, Pinson has made prior allegations in numerous other cases of being

16  in imminent danger due to being labeled a snitch by various prison guards, see Pinson v. Frisk,

17  2015 U.S. Dist. LEXIS 21396, *7-*10 (N.D. Cal. Feb. 20, 2015), and Pinson is in the highly

18  secure federal penitentiary in Florence, Colorado.  Thus, Pinson's allegations appear fanciful.  See

19  Stine, 2015 U.S. Dist. LEXIS 120153 at *17; Frisk, 2015 U.S. Dist. LEXIS 21396 at *10.  Second,

20  like *Stine*, Pinson's Complaint does not identify a sufficient nexus between any imminent danger

21  and his claims.  See Pettus, 554 F.3d at 298-99; Stine, 2015 U.S. Dist. LEXIS 120153 at *12.  The

22  danger from being labeled a snitch is not sufficiently traceable to Atwater (given Pinson's

23  previous lawsuits dealing with being labeled a "snitch" by guards at other federal penitentiaries),

24  and this Court has no jurisdiction to effect any relief in Florence, Colorado.  See Stine, 2015 U.S.

25  Dist. LEXIS 120153 at *18; Frisk, 2015 U.S. Dist. LEXIS 21396 at *7-*12.

26

27  [3] The Court recognizes that, on March 26, 2015, it adopted a Findings and Recommendation that *inter alia* denied Defendants' motion to revoke Pinson's IFP status.  See Doc. No. 52.  However, the Court has discretion to reconsider its prior orders.  See United States v. Smith, 389 F.3d 944, 949 (9 t h Cir. 2004); City of L.A., Harbor Div. v. Santa

28  Monica Baykeeper, 254 F.3d 882, 883 (9 t h Cir. 2001).  Upon further consideration, the Court is of the firm opinion that its approach in *Stine* is proper, and that approach appears to apply in this case.

Nevertheless, before the Court revokes Pinson's IFP status, it will give Pinson the opportunity to show cause why his IFP status should not be revoked.  Pinson may either show cause or pay the $400.00 filing fee.  If Pinson pays the filing fee, this order to show cause will be discharged.  If Pinson timely responds without paying the fee, but fails to show sufficient cause why his IFP status should not be revoked, Pinson's IFP status will be revoked and he will be given ten days to pay the $400.00 filing fee.  If Pinson does not timely reply to this order, the Court will revoke Pinson's IFP status and dismiss this case without further notice for failure to pay a filing fee and obey a court order.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing within fourteen (14) days of service of this order why his IFP status should not be revoked.

IT IS SO ORDERED.

Dated:   December 3, 2015

_____
SENIOR  DISTRICT  JUDGE

4